# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:09 MJ 48-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| BOBBY ALLEN GIBSON, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

THIS CAUSE coming on to be heard and being heard before the undersigned, Dennis L. Howell, United States Magistrate Judge for the Western District of North Carolina, upon a Violation Report filed in this cause on September 23, 2009 by the United States Probation Office. In the Violation Report, the United States Probation Office alleges that the defendant violated the terms and conditions of his pretrial release. At the call of this matter for hearing, the defendant was present with his counsel, Janna Dale Allison, and the government was represented by Assistant United States Attorney, David Thorneloe. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for the defendant, and the records in this cause, the court makes the following findings.

**Findings**: At the call of the matter, the defendant, by and through his attorney, admitted that he had violated the terms and conditions of his pre-trial release as set

forth in allegations #2 and #3 of the Violation Report, and the defendant denied that he had violated the terms and conditions as set forth in #1 of the Violation Report. All of these allegations are contained in the Violation Report filed on September 23, 2009. Testimony was then presented by the government through Robert T. Ferguson, United States Probation Officer.

The defendant was charged in a Bill of Information filed on July 1, 2009 with one count of Knowingly Attempting to Acquire Wildlife, that is an American Black Bear, in violation of 16 U.S.C. § 3372(a)(4) and 3373(d)(2), a Class A Misdemeanor. A hearing was held before the undersigned on July 31, 2009. On that date, the undersigned entered an order releasing the defendant on a $15,000 unsecured bond. The undersigned further set conditions of release as follows:

(1) That the defendant not violate any federal, state, or local law while on release in this case;

(8)(a) That the defendant report to the Office of Probation and Pre-Trial Services to the extent and in the manner that the agency determines to be appropriate;

(8)(p) That the defendant refrain from the use or unlawful possession of a narcotic drug or other controlled substance as defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner;

(8)(u) That the defendant report as soon as possible, to the Pre-Trial Service Officer or Supervising Officer, any contact with any law enforcement personnel, including, but not limited to, any arrest, questioning or traffic stop.

On August 18, 200, United States Probation Officer Robert Ferguson contacted the defendant by telephone and left a message on the defendant's telephone advising that Officer Ferguson would be at the defendant's home on the next day, August 19, 2009, so that Officer Ferguson could complete a scheduled initial home assessment. On August 19, 2009, Officer Ferguson called the defendant on the telephone to get directions to the defendant's residence. The defendant told Officer Ferguson in response to the call that he was not at home and that he was working at a "odd job." The defendant was not present and Officer Ferguson could not complete the initial home assessment as he desired to do.

On September 21, 2009, Officer Ferguson ran a record check that showed that the defendant had been arrested on September 4, 2009 in Jackson County, North Carolina for misdemeanor possession of drug paraphernalia and felony possession of a schedule II controlled substance, that substance being methamphetamine. The defendant did not report this arrest to Officer Ferguson.

**Discussion**. 18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer

shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

> (1)   finds that there is----
> (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
> (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2)   finds that ---
> (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community; or
> (B) the person is unlikely to abide by any condition or combination of conditions of release.
>
> If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community."

Based upon the evidence, the undersigned finds there is probable cause to believe that the defendant has committed a federal and state crime while on release. It is alleged that the defendant possessed methamphetamine and drug paraphernalia. That possession violated both federal and state law. Possession of methamphetamine is a misdemeanor under federal law. 21 U.S.C. § 844. The possession of methamphetamine is a felony under state law. N.C.G.S. § 90-95(a)(3). Due to the fact that there is probable cause to believe that the defendant committed a state felony, a rebuttable presumption arises pursuant to 18 U.S.C. 3148, that no condition

or combination of conditions would assure that the defendant would not pose a danger to the safety of any other person or the community.

It has further been shown by clear and convincing evidence that the defendant did not report to the Office of Probation and Pre-Trial Services to the extent and in the manner that that agency determines to be appropriate.

It has further been shown by clear and convincing evidence that the defendant did not report his arrest on the charges of possession of methamphetamine or possession of drug paraphernalia to Officer Ferguson as soon as possible, as he was required to do.

Due to the findings made above and further considering the presumption that has been created and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that would assure that the defendant would not pose a danger to the safety of any other person or the community. It is the opinion of the undersigned that based upon the defendant's actions that it is unlikely that the defendant will abide by any condition or combination of conditions of release. As a result of the above referenced findings, the undersigned has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining the defendant.

**ORDER**

IT IS, THEREFORE, **ORDERED** that the unsecured bond and terms and conditions of pretrial release entered in this matter are hereby **REVOKED** and it is **ORDERED** that the defendant be detained pending further sentencing and proceedings in this matter.

Signed: October 1, 2009

Dennis L. Howell
United States Magistrate Judge